Judge Sijipson
delivered the opinion of'the Court.
In November, 1846, William W. Worsley conveyed to a trustee, for the separate use and benefit of his wife, Rebecca Worsley, a house and lot in the city of Louisville, and also several slaves. He subsequently, in ihe month of June, 1847, made a will, which after his death in 1852, was proved and admitted to record. His wife Rebecca, who survived him, having within the time prescribed by law, renounced the provisions of his will, so far as they were for her benefit, brought this equitable action against the executor for her distributable portion of the estate.
Her claim is resisted on the ground that, as her husband during his lifetime made a provision for her out of his estate, she has no right to any part of the remainder of it, except such part thereof as he thought proper to bequeath to her. Or in other words, that according to the terms of the deed, she cannot hold under it, and also claim in opposition to the will, by exercising the widow’s right of renun *470 ciation, and claiming her distributable portion of the-estate.
I.. The husband made a deed to a trustee for the benefit of his wife, and afterwards made his will, the provisions of which were renounced by the widow: Held, that as there was no provision in the deed showing that the wife was to have no more of the estate of the husband than as provided for her by the deed, that she could renounce the provisions of the will, and' claim in addition to the property deeded to her trustee, her distributive share of the estate— there being no issue of the marriage is one-half.
According to the recitals in the deed of trust, it was-executed by the grantor “to provide with certainty a good home for his beloved wife,” and it was deemed by him prudent and proper to do so in his lifetime, because “from the uncertainty of life, and other casualties, he might possibly fail to - make such provision for her, by a valid last will and testament, as he would desire.” The deed does not contain any other recital, or any other provision which indicates an intention on tie part of the grantor that the conveyance was made for the purpose of investing his wife with the whole of that part of his estate which he designed her to have, and such an intention cannot be deduced from anything contained in the deed, unless it can be implied from the foregoing recitals-therein. So far, however, are they from authorizing such a deduction, that they clearly indicate a different intention, and not only demonstrate the grantor’s-desire that his wife should be secured in a home, but also that she should have an additional portion of his estate besides that therein conveyed to her. Indeed, according to the language of the deed, a case of intestacy seems to have been contemplated by the grantor, and the estate therein conveyed for the benefit of the wife, was to supply the deficiency which in bis opinion would exist in such an event, in consequence of the inadequacy of the provision which the-law would make for her.
The grantor certainly bad the power to have made1 the estate conveyed to his wife conditional, if he had thought proper to do so, and he might have inserted in the deed an express defeasance in the event that she claimed any part of his estate after his death; or if such were his intention, he could have stated that the separate estate with which he thereby invested her, was to be all that she was to have out of his estate at any time. But the deed does not contain a condition of any kind, nor any recital or provision *471 evincing an intention on the part of the testator that she was not to have any more of his estate than was therein conveyed.
We have considered the deed, in determining its legal effect, without any reference to the will which the grantor subsequently made, because the deed is not testamentary in its character, but is absolute and irrevocable, and its provisions could not be affected nor modified in any manner by the future acts of the grantor. It took effect immediately on its execution, and had nothing testamentary either in its character or its operation. The testacy or intestacy of the grantor could not affect to any extent the rights which the wife acquired under it, they having been created and defined by the deed itself.
It is, however, contended that in equity the estate conveyed to the wife should be regarded as a satisfaction of her legal right to demand a portion of her husband’s estate after his death, and cases have been referred to where the wife’s distributive share of his estate has been deemed a satisfaction of his covenant or obligation to leave her so much money, or a certain specified part of his estate. But the cases are not at all analagous. Here there was no covenant by the husband to leave money or property to the wife. He had conveyed to her part of his estate which he designed her to have for a certain purpose, by an absolute and unconditional deed. This was a mere gratuity on his part. It could not satisfy any claim she had upon him for a portion of his personal estate at his death, for no such claim existed at the time the deed was executed. He had a right during his lifetime to dispose of his personal estate as he pleased without her consent, provided such disposition took effect before his death, and consequently she had no legal claim to any part of it at the time the deed was executed. Her claim did not accrue until his death, and that claim cannot be considered as satisfied by a donation made to her at the time the claim itself had no existence.
2. An executor is bound to pay to distributees a debt which he owed the testator, and is not entitled to any commission for distributing that fund.
Neither has the doctrine of election any application in this case, except so far as the widow had by law to elect to take under the will, or to renounce its provisions, and claim her portion as a distributee of her husband’s estate. There is no incompatibility in holding under the deed, and claiming her portion as distributee. She was under no obligations to abide by her husband’s will. The deed did not impose any sncb obligation upon her, either expressly or by implication, nor did the law, but by it she was invested with the right which she exercised, of renouncing the provisions of the will. In our opinion, therefore, she is entitled as widow, there being no children, to one-half of the estate in the hands of the executor.
So far as the executor was indebted to his testator at the time of his death, neither his duties nor his responsibilities have been increased by the assumption of the office of executor. It was his duty as a debtor to pay the amount be owed to the person legally entitled to receive it, and no other duty has devolved upon him as executor. The chancellor, therefore, properly refused to allow him any commission on this part of the estate in his hands.
Wherefore, the decree is affirmed.