CASE 25—PETITION EQUITY—FEBRUARY 6.

# Payne and wife v. Pusey.

APPEAL FROM MEADE CIRCUIT COURT

1. DEBT BARRED BY THE STATUTE MAY BE PAID BY THE PERSONAL REPRESENTATIVE.

    An executor or administrator may pay a debt to a creditor, although it is barred by the statute.

    An executor or administrator is not compelled to plead the statute of limitations.

2. The heir or devisee entitled to the estate after the payment of debts may require the personal representative, by proper proceedings, to plead the statute of limitation, and upon his refusal to do so the heir or party interested will be permitted to defend. (Lusk v. Anderson's adm'r, 1 Met. 428.)

3. A personal representative may retain in his hands a debt due him by the decedent. But if the personal assets are insufficient to pay the debts, the personal representative is entitled to no preference over other creditors.

4. When the estate in the hands of the administrator is sufficient to discharge the indebtedness of the intestate, and in a settlement of his accounts he is allowed a debt due to himself, properly proven, and it is paid, or the amount retained out of assets in his hands, the court sees no remedy for the heir, although the statute of limitation might have been pleaded by the intestate in his life-time.

5. THE STATUTE MAY BE PLEADED BY THE HEIR OR DEVISEE AGAINST A CREDITOR OR PERSONAL REPRESENTATIVE.—When the personal representative or a creditor seeks to make the heir liable, or seeks to subject land to the payment of his debt, the heir may plead the statute of limitation, or make any defense that the intestate could have made.

6. The administrator will not be permitted to say that he has paid off his own debt, which was barred by the statute, and that the debts which were not barred are the claims out of which the balance of the indebtedness was created, and to satisfy which there are no assets in his hands.

7. The heir may make any defense against the personal representative or against a creditor which the intestate could have made.

Payne and wife v. Pusey.

T. B. FARLEIGH, . . . . . . . . . For Appellants,

CITED

1 Metcalfe, 553, Berry, &c. v. Graddy's adm'r.
4 Mississippi, 706, Trotter v. Trotter.
3 Wendell, 517, Rogers v. Rogers.
2 N. & B. 278, Burke v. Jones.
40 Mississippi, 715, Byrd v. Wells.

JOHN C. WALKER, ⎫
M. H. COFER, . . ⎭ . . . . . . . . For Appellee,

CITED

Williams on Executors, page 945, "Retainer."
2 Littell, 316, 346.
5 Monroe, 248, Lee v. Colston.
1 Metcalfe, 557, Berry v. Graddy.
1 Sm. & G. 415, Stahlschmidt v. Leet.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Henry Pusey, as the administrator of Peter King, had a settlement of his accounts as such in the Meade County Court, showing a balance of several hundred dollars due him as administrator. The widow and children of the decedent King instituted this suit in equity in the Meade Circuit Court for the purpose of surcharging the settlement made by the administrator, on account of credits given him for the amount of accounts and claims against his intestate defectively proven, etc. The administrator filed his answer, making it a cross-petition against the widow and children of King, alleging that the personal estate of the decedent was entirely exhausted in the payment of debts, and that the balance due him upon settlement must be made out of the real estate in possession of the widow and children.

Some of the claims included in the settlement were demands in favor of the administrator against the decedent, created in the life-time of the latter,, and barred by the statute of limitations at the death of the intestate. The widow and children now plead the statute in bar of the administrator's cross-

action against them, filed for the purpose of subjecting the lands descended to them for the payment of his debt.

An executor or administrator may pay a debt to a creditor of the intestate, although it is barred by the statute of limitation. He is not compelled to plead the statute. This is the doctrine of the common law, and it has been so ruled by this court. The heir or devisee entitled to the estate after the payment of debts may require, by a proper proceeding, the personal representative to plead the statute of limitation, and upon his refusal to do so the heir or party interested will be permitted to defend. (Lusk v. Anderson's administrator, 1 Metcalfe, 428.)

A personal representative at common law could retain in his hands a debt due him by the intestate; and we know of no law upon our statutes depriving him of this right, except so far as it may affect the distribution of assets in his hands between creditors. (Berry v. Graddy's administrator, 1 Metcalfe, 554.)

If the personal assets are insufficient to pay the debts, the personal representative is entitled to no preference over other creditors. When the estate in the hands of the executor over which he has complete control, and may sell and dispose of for the payment of debts, is insufficient to discharge the indebtedness of the intestate, and in a settlement of his accounts he is allowed a debt due to himself, properly proven, and it is paid, or the amount retained out of assets in his hands, we see no remedy for the heir in such a case, although the statute of limitations might have been pleaded by the intestate in his life-time. If a personal representative may pay a debt to another barred by time, we see no reason why he should not be allowed to pay his own claim, and especially when it has been allowed in his settlement with the county court.

In this case the administrator is not seeking to make the debt due him out of the estate, the title to which is vested in

him for the payment of debts; and in fact there would be no necessity for resorting to an action against the heir upon his own claim, as he had the right to retain it out of the estate in his hands; but this proceeding is to subject the real estate, the title to which is in the heir, and there is no reason why, when the administrator is unable to realize his debt out of the personal estate and seeks to make the heir liable, the heir may not set up any defense that the intestate could have done if he was alive. The administrator goes into a court of equity, like any other creditor, for the purpose of making the debt out of the heir, and out of an estate in and to which the administrator has no right or title.

A creditor whose debt was unpaid could have filed his suit in equity to subject the land to the payment of his debt. Any defense that the intestate could have made to the claim of the creditor the heir may make; and the same rule should apply as against the administrator who is seeking to enforce his debt. Nor will the administrator be permitted to say that he has paid off his own debt, and that the debts not barred by the statute are the claims out of which this balance of indebtedness was created, and to satisfy which there is no property or money in his hands.

This court can not sever or separate these claims; and where there is an alleged balance due, and the administrator is himself seeking to enforce it, and his own claim is barred by the statute, the heir should be permitted to make defense, and if available against a creditor it should be as against the personal representative. If a personal representative, without any personal estate belonging to his intestate, should credit himself with all the accounts against the decedent in a settlement with the county court, and attempt to enforce the collection of them out of the real estate, the heir may make any legal or equitable defense that could have been made against the claims in the hands of creditors.

No judgment should have been rendered by the court below in favor of the administrator for claims due to him in his own right that were barred by time at the intestate's death, and for this error alone the judgment of the court below is reversed, and cause remanded for further proceeding not inconsistent with this opinion.