### James M. McGregor v. James Keithby & Co.

**Executors and Administrators—Claim of Administrator.**
> At common law an administrator has the right to retain in his hands the amount due him by the deceased, where there are no other creditors, and no statute deprives him of such right.

APPEAL FROM FLEMING CIRCUIT COURT.

February 20, 1873.

OPINION BY JUDGE PETERS:

On the 6th day of October, 1857, Abram Keithby executed his note to B. T. Hayden for $325.95, due on or before the 30th of September, 1859, for the unpaid part of the last instalment on a tract of land sold by said Hayden to him.

Within less than three months after the execution of that note Keithby died, and administration was granted on his estate to his widow, Isabella Keithby, and said B. T. Hayden, by the proper court, who caused an inventory and an appraisement of the personal estate of said intestate to be made out and returned to the Fleming County Court, which, as appears from a copy, amounted to near $2,000, of which $473.75 was cash on hand at the death of intestate, and over $1,000 in good notes soon to become due.

On the 31st of May, 1860, Mrs. Isabella Keithby said B. T. Hayden and J. M. McGregor executed a note to Wm. B. Jones for four hundred and forty dollars, due on or before the 1st day of March thereafter, purporting to be in lieu of the former land note, the last payment for land purchased of B. T. Hayden, and to the name of Hayden signed to the note the letters "Adr." are affixed.

Suit was brought on this note, and prosecuted to judgment by the personal representative of Jones, he having died, against the obligors, and McGregor, having settled the debt with the plaintiff, prosecuted this suit against James Keithby, and Mary Ann Denton, late Keithby (her husband, Asher Denton, being joined), children and heirs of Abram Keithby, deceased, to subject real estate, descended to them from their father, to the payment of his demand.

McGregor's petition was dismissed by the court below, and he has appealed to this court. It does not appear in this record that the intestate owed at his death one dollar except the debt to Hayden. His personal representatives have never made a settlement of their fiducial accounts. The personal estate was more than sufficient to pay five times the amount of the debt owing to Hayden. The cash on hand at his death was greater in amount by over $100 than Hayden's debt.

As it is not made to appear that there were any other creditors, Hayden as administrator had the right to retain in his hands the amount due by his intestate to him by the common law, and there is no statute of the state which deprives him of that right. (*Payne and Wife v. Pusey,* 8 Bush 564.) This case presents some singular features. The personal representative, with an abundance of assets of his decedent in his hands, from everything that appears, to pay his debt, more than two years after the assets came to his hands executes a note to a third party, with security, in consideration, as he recites, for last payment on land purchased of him, but does not say who purchased it; gives his own note for a debt originally due to himself and gives security on that note, when (even if appellant's theory be true that that note was executed in lieu of the note he held on intestate) he had the means of his debtor in his hands to pay it.

If Hayden himself was seeking to coerce appellees to pay this debt, he would be compelled to exhibit his accounts as administrator showing that he had exhausted the whole of the personalty in payment of other debts, and the personal assets proving insufficient to pay him, it was necessary to sell the land of intestate or a part of it.

And it is difficult to see how his surety could be in a better condition, or have any right that he would not have. Appellant was the surety of Hayden, not of appellee's intestate, and until he shows

that Hayden had not a sufficiency of assets to satisfy his debt he cannot succeed in this suit, and this he has failed to do.

Judgment *affirmed*.

*Cord, for appellant.*

*Phister, for appellees.*