*Webb & Barbour, for appellant.*

*Drane, for appellee.*

---

ONEY WALL, ETC., *v.* RICHARD B. GOODE AND OTHERS.

**Wills—Provision for Maintenance of Wife.**

The provision in a devise to the testator's son that "the lands hereby devised to my son, Craig L. Wall, is bound for the support and maintenance of his mother during her life," is not the devise of an estate to the wife, but only a provision for her maintenance out of the homestead.

**Wills—Renunciation by Widow.**

Where the only provision in a will for the testator's wife is made in a devise to the son of the testator, to-wit: "the lands hereby devised to my son, Craig L. Wall, is bound for the support and maintenance of his mother during her life," there is no such provision for the widow as requires a renunciation by her.

**Dower—Will—Provision in Lieu of Dower.**

A clause in a will providing for the support of the widow out of the estate of the testator cannot be regarded as having been made in lieu of dower.

**Dower—Provision for Support.**

A will held not to deprive the wife of her right to dower in the land of her deceased husband, notwithstanding provision was made

in the will for her support and she was given a small part of the personal property of the estate.

APPEAL FROM CASEY CIRCUIT COURT.

June 20, 1873.

Opinion by Judge Pryor:

It was doubtless the intention of the legislature that the evidence of the widow's renunciation of the provisions of her husband's will for her benefit should be in writing, and made a matter of record in the court where the probate of the will was had. The renunciation is required to be acknowledged either before the clerk or two subscribing witnesses and necessarily implies a written renunciation signed by the party making it. The views entertained by this court, however, in regard to the claim of the widow, render it unnecessary to determine whether an election, by matter of record in a court having jurisdiction to assign dower within twelve months after the probate of the will, is binding upon the widow and estops her from afterwards claiming her dower or distributable interest in her husband's estate. The important question in this case is, was there any devise to the wife, and if so, is it such a devise as was intended to be in lieu of dower? There is no devise of any real estate to the widow, unless made so by implication resulting from the devise to the devisor's infant son, Craig L. Wall, in which the following language is used: "The lands hereby devised to my son, Craig L. Wall is bound for the support and maintenance of his mother during her life." This encumbrance, if it can be regarded as such, is certainly not a direct devise to the wife, and gives her no right to the control or possession of the land embraced by this provision of the will. The devisor owned several tracts of land in Kentucky and one in Missouri, valued at from thirteen to fifteen thousand dollars. Craig T. Wall was an infant and the tract of land devised to him of but little more value than some of the tracts devised to his other children. The others were adults except some of his grandchildren, and seem to have been, at the time the will was written, in possession of the land devised to them. He had made no devise of any estate to his wife in his lands, and in the devise to Craig Wall, the infant, only intended that in no event was his wife to be deprived of a support and maintenance from the homestead, and such is the fair inference to be drawn from the language used in making this par-

ticular devise. It is not every gift or direct devise by the husband to the wife, that precludes the latter from her rights to dower, or her distributable portion of his personal estate. It depends altogether upon the intention with which the gift or devise is made, to be determined by the provisions of the will, in connection with the circumstances surrounding the testator at the time of its execution. By this devise of the home tract to his infant son the latter is permitted to sell and dispose of it when he arrives at thirty years of age, with no express devise whatever to the wife, but only a declaration that it is bound for her support and maintenance. This is no such provision for the widow as requires a renunciation. There is no estate really devised to her, and as evidence of this fact, if there had been no question made as to the mode of relinquishment, or if she had relinquished in the period made pointed out by the statute, the absolute estate would have been in the infant, as there was no estate created by the will in favor of the wife that could have reverted to the heirs or devisees. This clause in the will of the right of the widow to a support out of the home place, or the tract devised to the infant, although it might create an equitable lien on behalf of the wife, can not be regarded as having been made in lieu of dower.

We are fortified in this view of the question presented by the dispoistion made of the devisor's personal estate. The doctrine relative to devises made in lieu of dower prior to the adoption of the Revised Statutes was that no devise was to be considered in lieu of dower unless the intention was made manifest by the will itself. *Worsley's Ex'r. v. Worsley,* 16 B. Mon. 455. Since the adoption of the Rev. Stat. this rule has been changed and the widow is not entitled to receive her dower or distributable share, in addition to the devises made her by the will, unless such is the intention of the testator expressed in the will, or clearly inferable therefrom. 1 Revised Statutes 425. The devisor had several thousand dollars of personal estate. He made no devise to the widow of any interest in this personalty, except two cows, one horse and fifty sheep. Nor is it to be inferred from such a writing that the devise of the sheep exceeding in number those to which the widow was entitled by law, was intended as a satisfaction of her entire interest in his personal estate, and that the equity that might arise in her favor, by implication from the language of the devise to his infant son was intended

in lieu of dower. We think not, but on the contrary are of the opinion that the devisor never intended by his will to deprive his wife and the mother of their children who are now contesting her claim, of all right to the possession of any part of his real estate for a home during life, or to restrict her in her interest in his personalty, to two cows, one horse and fifty sheep. The testator evidently had in view the fact that she was entitled by law to her dower as well as a distributable interest in his personalty, and for this reason made no express provision for her. The court below erred, therefore, in dismissing her petition. The widow is entitled to dower in each of the tracts divided, and by so allotting it, the chancellor will prevent any future litigation for contribution, as each child undertakes his or her devise *cum onere*. The circuit court of Casey has no jurisdiction, of course, over the Missouri land, and if the widow is entitled to dower in those lands her right must be asserted there. The widow should be allowed the value of the sheep less those she is entitled to by law in addition to her distributable interest as widow.

A question is made on the cross-appeal as to the attorney's fees allowed the executor. Although the executors were sued for a settlement of their accounts, still their laches ought not to deprive them of the right to an attorney's fee for the settlement of the questions involved in this controversy, and the fee is not exorbitant. The commissioner is entitled to only ninety dollars and his expenses, so far as the proof now shows, and it was not error to allow that. The court should set aside the order making the allowance and require an affidavit made of the services rendered and the time engaged by the commissioner and if it exceeds the ninety dollars the court should allow it.

The judgment is reversed on the original appeal and affirmed on the cross-appeal and the cause remanded for further proceedings consistent with this opinion.

*VanWinkle, Owsley & Burdett, for appellant.*

*Jacob, Durham, for appellee.*