*J. D. Jones, for appellant.   L. T. Moore, for appellee.*

---

S. M. JONES'S ADM'R, ET AL., *v.* PATSY SHY'S ADM'R, ET AL.

**Administrator Buying Equity in Real Estate.**
 An administrator who is an heir may legally purchase for the estate the equity of redemption in real estate sold and redeem the land from the original purchaser and save money to the estate he is administering, and where he does so is entitled to credit for the sum thus expended.

**Administrator's Right to Buy Real Estate.**
 While an administrator has no right to invest personal assets in real estate he may do so when it is the only means of saving a debt due to the estate.

**Administrator's Liability.**
 Where an insolvent debtor to an estate has a claim against the estate and the administrator fails to withhold money due to such debtor but pays him in full and is unable to collect the debt due the estate, he is liable for negligence in having paid such debtor.

APPEAL FROM MERCER CIRCUIT COURT.

December 9, 1875.

OPINION BY JUDGE COFER:

B. M. Jones, administrator of S. M. Jones, had in his hands debts due his intestate against Metheny, Kennedy, etc., amounting to more than two thousand dollars, for which he recovered judgment, and to satisfy which he caused Kennedy's equity of redemption in real estate property sold under fi. fa. and purchased by Forsten, to be levied on and sold; and with the consent and advice of distribu-

tees of the estate of S. M. Jones, owning an interest equal to one-third of the whole, the administrator, who was also a distributee owning an interest of one-fourth, bought the equity of redemption at the sum of $1,670.17; and to redeem the land from the original purchaser, he paid to him out of assets belonging to the estate of S. M. Jones, the sum of $2,324.30. It appears that all the parties liable for the debt were insolvent except Kennedy; that he had no estate except the equity of redemption in question; that the real estate secured was worth the amount paid to Forsten and the amount bid for the equity of redemption; and that by the action of the administrator in the premises, the sum of $1,670.17 was saved to the estate.

On a settlement of his accounts, the administrator claimed a credit for the amount paid to Forsten to redeem the land, and resisted being charged with the amount of his bid, claiming that he had a right as administrator to purchase the land as the only means of securing the debt. The circuit court refused to allow him credit for the sum paid to redeem the land, and charged him with the amount bid for the equity of redemption; but it gave him relief so far as the distributees who consented to the purchase were concerned, by charging them with their respective distributable shares of these two amounts, so distributed to them by the administrator, and crediting him in his accounts with them respectively, but refused him any relief as to the other distributees, some of whom were infants, and of this he complains.

It is certainly true that as a general rule an administrator has no right to invest personal assets in real estate; but when, as in this case, he buys real estate as the only means of saving a debt due to the estate, he should not be subjected to personal liability on that account, until it is made manifest, by a sale of the land, that loss will result; and as to the amount of his bid for the equity of redemption, he certainly ought not, in equity, to be charged beyond what he may realize out of it. To the extent of his bid for the equity, the estate has been benefited, and not injured, by his action; and he ought not to have been charged with any part of it, but should have been allowed, as against those consenting to the purchase, credit for their respective shares of the amount paid to Forsten; and then he should have been directed to sell the land, and reimburse himself and those consenting to the purchase for their investment, and to account to the whole of the distributees for the excess.

The administrator also complains that the court erred in charging him with a note on Curry for $1,050. The facts are these: the intestate, at his death held a note for that amount on F. W. and John Curry, which was past due; after his qualification the administrator permitted the obligors to renew the note, which was made payable to him, January 1, 1869. Both the obligors were then solvent, and remained so until the 9th of January, 1869, when they became insolvent, and the debt was lost. Had the note not been renewed, suit might have been brought on it at the September term, 1869, which was the first term of the circuit court of the county in which they resided, after the administrator qualified, and the debt could have been collected. If he had not renewed the note, and had failed to sue on it to the first term after his qualification, the same loss would have been sustained. Did the mere fact of allowing the note to be renewed, of itself, render the administrator liable for the loss of the debt? The renewal was not illegal, and the administrator did not become liable as for a conversion; if liable at all, it must result, not from a wrongful conversion of the old note, but from his failure to secure the payment of the new one. In other words, if liable at all, it must be for negligence, and not in consequence of the act of renewing the note.

We apprehend that if he had not renewed the note, and had failed to sue, he would not have been liable for the loss; for the obligors were apparently solvent, and were so regarded by the witnesses; and the position assumed, that the debt was lost by the renewal, admits their solvency up to and after the September term of the court in 1868. As knowledge of their failing circumstances has not been brought home to the administrator, we are bound to assume that there were no such indications of approaching insolvency, prior to the September term of the court, as would, had the note not been renewed, have made it incumbent on the administrator to sue on the peril of becoming individually liable. The intestate had created the debt, and no doubt deemed the debtors entirely solvent; and there is no evidence that they were any less responsible at the time of the renewal than at the time of the creation of the debt. As there is not the slightest evidence of bad faith or negligence on the part of the administrator, whose act was apparently beneficial to the estate, and was lawful in itself, we are of opinion that he should not have been charged with the amount of the note after his qualification.

We think the court erred in allowing the administrator credit for $114.10 paid by him to F. G. and J. H. Metheny. They were indebted to the administrator on the notes; and as both members of the firm were obligors in the notes, the administrator should have off-set the notes against the account.

Although there was a large sum of money drawn out of the bank during the first two years by the administrator, on checks not corresponding with debts paid or amounts distributed, yet, upon a careful examination of his accounts, as the evidence adduced to show that he used the assets in his hands for his individual .purposes, we are satisfied that the evidence warranted any charge against him for interest during the first two years.

We cannot say that the circuit court abused a sound discretion in allowing the administrator five per cent. commission on payments to creditors, and on disbursements to the other distributees. *Cabell v. Cabell's Adm'r, et al.,* 1 Met. 319. But he should not have been allowed commission on his own distributable shares or debts due to himself. *Worseley's Ex'r v. Worseley,* 16 B. Mon. 455.

. The statute of limitations is not available against the claim of B M. Jones for balance due him from his intestate as administrator of David Jones. The settlement of the 6th of March, 1860, was a recognition of that debt by S. M. Jones; and whether it be treated as filed on the day of its date, or at the time when it was in fact filed, it is an indebtedness evidenced by record in the nature of a judgment, and would only be barred by fifteen years; and if this were not so, still the administrator might retain it. *Payne and Wife v. Pusey,* 8 Bush 564.

The plea of payment is unsustained by any evidence whatever; and the fact that the claimant was administrator of the debtor, and could have suppressed evidences of payment to himself, found among the papers of the intestate, will not warrant this court in presuming that the debt was paid.

. Wherefore, on the appeal of *B. M. Jones v. Shy's Adm'r,* the judgment is *reversed,* on both the original and cross-appeal, and the cause is remanded for further proceedings not inconsistent with this opinion.

*C. A. and P. W. Hardin, for appellants.*
*Thomas C. Bell, for appellees.*