### T. J. MILLER *v.* B. F. FERRELL.

[Abstract Kentucky Law Reporter, Vol. 2—227.]

**Attachment of Funds.**

Where the assignee of a bankrupt has in his hands a fund belonging to a creditor and a creditor of such creditor attaches the fund in the assignee's hands, his action will fail where the assignee alleges and proves that he was surety of the attachment debtor and others on a note, and as such paid off the note and it was assigned to him, and there was a balance due on it exceeding the amount of the attached funds in his hands.

APPEAL FROM MARION CIRCUIT COURT.

February 15, 1881.

OPINION BY JUDGE COFER:

The appellant is assignee in bankruptcy of John Cravens, and has in his hands as such the dividends on a claim of B. F. Ferrell proved against the bankrupt's estate. John H. Ferrell, a creditor of B. F. Ferrell, attached the fund in appellant's hands. The appellant

answered, alleged and proved that he was surety for B. F. Ferrell and others on a note to Johnson; that long prior to the attachment he, as such surety, paid off the note, and it was assigned to him; and that there was a balance due on it exceeding the amount of the funds in his hands.

On these facts it was error to adjudge the fund to the attaching creditor. He could have no greater right or higher equity than his debtor, B. F. Ferrell, who, according to the allegations of the petition, "has no property in this state subject to execution;" and it is quite clear that he could not recover the fund while he remains indebted to the appellant in a larger sum for money paid as his surety.

The case of *Payne v. Pusey,* 8 Bush (Ky.) 564, does not apply here. John H. Ferrell is not a creditor of Cravens, and has no claim to the fund except through B. F. Ferrell, who is the common debtor of both John H. Ferrell and appellant.

Judgment *reversed* and cause remanded, with directions to discharge the attachments, so far as it affects the appellant.

*Rountree & Lisle, for appellant.*

*J. R. Thomas, for appellee.*